UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBATES PERFORMANCE MARKETING, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>INTEGRAL TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No.: 12-cv-06488-YGR<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE AS TO WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE (DKT. NO. 10)** |

Plaintiff Ebates Performance Marketing, Inc. ("Ebates") filed a Motion for Temporary Restraining Order and Order to Show Cause as to Why a Preliminary Injunction Should Not Issue on December 27, 2012 ("TRO"). (Dkt. No. 10.) Defendant Integral Technologies, Inc. ("Integral") filed its opposition on January 3, 2013 ("Opposition"). (Dkt. No. 19.)

Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** Ebates' Motion for Temporary Restraining Order and **DECLINES** to issue an Order to Show Cause as to Why a Preliminary Injunction Should Not Issue.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A preliminary injunction is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689–690 (2008)

(internal citations omitted).  Whether seeking a temporary restraining order or a preliminary injunction, a plaintiff must establish four factors: (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008).

A plaintiff seeking an injunction must demonstrate that irreparable harm is *likely*, not just possible.  *Winter,* 555 U.S. at 22.  Courts does not presume irreparable harm, even in intellectual property cases.  *See eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 392–93 (2006) (rejecting invitation to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed)[1]; *North American Medical Corp. v. Axiom Worldwide, Inc.,* 522 F.3d 1211, 1226 (11th Cir. 2008) ("Even though we hold that [plaintiffs] have established a substantial likelihood of success on the merits of their trademark infringement and false advertising claims, we must still evaluate whether [plaintiffs] have demonstrated, with respect to each claim, that they will suffer irreparable harm in the absence of an injunction.").

Ebates contends that irreparable harm will result if Integral is not restrained from using the EBATES trademark and logo and the MAX CASH character and trademark (collectively, "Ebates' Marks") on Integral's website, www.bigcrumbs.com.  Ebates argues that permitting such use will result in losing control over its marks, which puts its reputation at risk.  (TRO at 22–23; *see id.* at 1 ("Every hour that [Integral] is allowed to use the Ebates['] Marks . . . , Ebates' customer loyalty and trust, goodwill, and market share are at risk.").)  Ebates further argues that (i) consumers will infer an affiliation between Ebates and Integral because the Ebates' Marks appear on a website offering competing services, and (ii) if Integral "offers an inferior experience, a customer may associate that low quality with the Ebates['] Marks and, as a result, with Ebates.  The resulting

---

[1] Ebates notes that there is a dispute in the Ninth Circuit over the application of *eBay* and *Winter* to trademark cases following *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 877 (9th Cir. 2009).  (TRO at 22.)  The Court notes that the Ninth Circuit stated in *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, that "[t]he panel's summary treatment [in *Marlyn*] of the presumption without consideration of the effect of *eBay* and *Winter* does not bind this panel or constitute an affirmation of the presumption's continued vitality."  654 F.3d 989, 997 (9th Cir. 2011) (further noting that "[s]tatements made in passing, without analysis, are not binding precedent").

harm is irreparable." (TRO at 24.)

Noting that irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, Integral responds that Ebates' alleged harms of "erosion of customer trust" and "reputation" and "loss of customer relationships" are not irreparable. (Opposition at 23.) Integral argues that lost customers and business goodwill "at least in theory may be compensated by damages" and therefore weighs against a claim of irreparable harm. (*Id.* (citing *OG Int'l, Ltd. v. Ubisoft Entm't*, No. C 11-04980 CRB, 2011 WL 5079552, at *10 (N.D. Cal. Oct. 26, 2012)); *see TMX Funding, Inc. v. Impero Technologies, Inc.*, No. C 10-00202 JF, 2010 WL 1028254, at *8 (N.D. Cal. Mar. 18, 2010). In addition, Integral argues that Ebates only assumes that consumers will infer "affiliation" between the parties based on Integral's use of Ebates' Marks. (Opposition at 24.)

The Court agrees with Integral that Ebates has not established that its alleged harms are irreparable. The "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray,* 415 U.S. 61, 90 (1974) (internal citation and quotations omitted) (further stating that "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough"). As to Ebates' claims of loss of customers and market share, such harms are measurable and are best characterized as economic harms. As to the of loss of reputation and "erosion of customer trust," the Court is not persuaded that any loss of trust from customers, which may result from any consumers affiliating the parties together based on the bigcrumbs website, "cannot be regained." (*See* TRO at 23.)

For these reasons, Ebates has not adequately shown that it is likely to suffer irreparable harm from use of the Ebates' Marks during the pendency of this litigation. Because Ebates has not demonstrated a likelihood of irreparable harm, the Court need not reach the other factors. Ebates' Motion for Temporary Restraining Order is hereby **DENIED**. Based on this ruling, the Court further **DECLINES** to issue an Order to Show Cause Why a Preliminary Injunction Should Not Issue.

However, in light of the nature of the allegations, the Court advances the initial Case Management Conference to February 25, 2013 at 2:00 p.m. The parties shall comply with the

Court's Standing Order in Civil Cases and Civil Local Rules regarding a case management conference statement.

This Order terminates Dkt. No. 10.

**IT IS SO ORDERED**.

Dated: January 4, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**