UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBATES PERFORMANCE MARKETING INC,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRAL TECHNOLOGIES INC,<br><br>Defendant. | Case No. 12-cv-06488-JST<br><br>**ORDER OF DISMISSAL**<br>Re: ECF Nos. 55, 63 |

Before the Court are Plaintiff Ebates Performance Marketing, Inc.'s Motion for an Order Requiring Defendant Integral Technologies, Inc. to Sign a Settlement Agreement, ECF No. 55, and Integral's Amended Motion for Entry of Judgment to Enforce Settlement Agreement, ECF No. 63. The Court will deny both motions and dismiss the case with prejudice.

I.   **BACKGROUND**

The parties engaged in a mediation with Magistrate Judge Spero on April 17, 2013, and reached agreement on a binding settlement. ECF No. 46. Judge Spero placed the terms of the settlement on the record, and the parties and their counsel agreed to them. ECF No. 49. The undersigned set a settlement compliance hearing for May 30, 2013, to give the parties time to memorialize the settlement in writing as contemplated by Judge Spero's on-the-record recitation of the agreement's terms.

After failing to execute a signed agreement, and the day before the settlement compliance hearing, the parties filed competing motions: Ebates filed a motion for an order requiring Integral to sign Ebates' latest draft of the agreement, and Integral, an "administrative" motion for dismissal

1    pursuant to the settlement put on the record with Judge Spero.  ECF Nos. 55, 57.  At the hearing,
2    this Court set a deadline for responses to those motions of June 13, 2013, disallowed replies, and
3    set a hearing date of July 18, 2013.  ECF No. 62.
4        Instead of filing cross-responses, Integral filed its Amended Motion for Entry of Judgment
5    to Enforce Settlement Agreement on June 10, 2013, ECF No. 63, and Ebates filed a response on
6    June 13, 2013, ECF No. 64.

## II. LEGAL STANDARDS

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it," provided the settlement is "complete." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (emphasis omitted).

"Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." Id.  Factual issues include whether the parties intended to be bound only by the execution of a written, signed agreement. Id. at 891.  However, where the parties place a settlement on the record, there is no factual issue if the party agrees to the settlement.  See Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002) (citing Sargent v. HHS, 229 F.3d 1088, 1090 (Fed. Cir. 2000)).  Likewise, no evidentiary hearing is required to substantiate the material terms of a settlement placed on the record.  Id. at 1139.

Finally, where parties place a settlement agreement on the record, breach of the agreement, including in refusing to sign a written agreement consistent with the settlement on the record, may entitle the non-breaching party to specific performance or an award of unliquidated damages. TNT Mktg., Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986).

## III. ANALYSIS

Integral re-styled its administrative motion for dismissal as a noticed motion for entry of judgment enforcing the settlement agreement and dismissing this action with prejudice. Apparently having abandoned its initial request for an order requiring Integral to sign its proposed settlement agreement, Ebates now presses the Court for judgment in its favor on all of its claims, including a permanent injunction.  Neither party is entitled to the relief it requests.

Settlement agreements are treated like any other contract for purposes of interpretation.

Adams v. Johns-Manville Corp., 876 F.2d 702, 704 (9th Cir. 1989). Under California law, the intent of the parties determines the meaning of the contract. Cal. Civil Code §§ 1636, 1638. The relevant intent is "objective" — that is, the intent manifested in the agreement and by surrounding conduct — rather than the subjective beliefs of the parties. Beck v. American Health Group Int'l, 211 Cal.App.3d 1555 (1989). For that reason, unexpressed intent is irrelevant to the Court's task in interpreting the contract. United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992).

> Judge Spero placed the parties' settlement on the record as follows:
>
>> What I'm going do is recite what I understand to be the terms of the settlement into the record . . . .
>>
>> Then, I'll ask each lawyer whether I've done it accurately.
>>
>> Assuming I have, I'll ask each party whether they agree to the settlement.
>>
>> Once that's done, it's a final and binding settlement, enforceable in accordance with its terms.
>>
>> It is customary — moreover, it is wise — for the parties, nonetheless, to make an effort to draft up a written settlement agreement. And that will be done; but if for any reason or for no reason you fail in that endeavor, you still have a final binding deal here, and are obliged to live up to its terms.

Tr., ECF No. 49, pp. 2:20–3:9 (April 17, 2013). After reciting the terms of the settlement, Judge Spero asked counsel for each party, as well as each party directly, whether they agreed to the terms as he had recited them. Each party and their counsel agreed. Id. pp. 6:15–7:16.

Among the terms the parties agreed to on the record were the following: "[T]he parties agree that the case will be dismissed in its entirety, with prejudice. And each side will bear their own attorneys' fees and costs . . . . Parties also agree that they hereby enter into a mutual general release." Id. pp. 5:25–6:11. Nothing in the transcript states or suggests that Integral agreed to an injunction, or that either party agreed to the entry of judgment in favor of the other. In fact, the parties' agreement to a dismissal with prejudice is inconsistent with the request for entry of either judgment or an injunction.

Because the agreement was reached before Judge Spero, recited on the record, and orally

1  executed in court by counsel for both parties as well as the parties themselves, no factual inquiry
2  into the formation of the agreement, its material terms, or the extent to which the parties intended
3  to be bound is necessary at this time. The Court will interpret the plain terms of the agreement as
4  it was executed on April 17, 2013. See Doi, 276 F.3d at 1138.

5  Both parties agreed to be bound by the agreement reached before Judge Spero, and it was
6  an explicit term of that agreement that failure to execute a written agreement, "for any reason or
7  for no reason," would not affect its finality or effect. Tr. p. 3:7–8. By its plain terms, the
8  agreement was final and binding, whether or not the parties successfully engaged in the
9  "customary" and "wise" step of memorializing their agreement in writing. As part of that
10 agreement, Ebates agreed to dismiss this action with prejudice. Plaintiff is therefore in breach of
11 the agreement insofar as it has refused to stipulate to a dismissal with prejudice. See Doi, 276
12 F.3d at 1140. And, even if it were not, Plaintiff has, by the agreement's own terms, already
13 released Defendant "from all claims known or unknown arising out of any subject matter,
14 whatsoever, that occurred up through today's [April 17, 2013] date." ECF No. 49 p. 6:8–10.

15 Ebates argues that "[u]nder the relevant law, which is set forth in [Integral's]
16 motion and will not be repeated here," courts can enforce a settlement by entry of judgment, but
17 not by "wholesale dismissal." ECF No. 64, p. 2:10–13. Ebates cites no authority for this
18 statement, however, and the Court is unaware of any.

19 Ebates also seeks rescission of the settlement agreement on the grounds that there was no
20 "meeting of the minds" when the agreement was reached and placed on the record. Ebates argues
21 that it "understood and intended that the [agreement] provided for an injunction enjoining
22 defendant from both past and future use of" of Ebates' marks. ECF No. 64 p. 4:7–8. By contrast,
23 "it is clear," argues Ebates, that Integral "intended and understood that it would be enjoined only
24 as to any past use of" Ebates' marks." Id. p. 4:20–21.

25 There is no need for the Court to inquire as to the parties' unexpressed intent. A party's
26 unexpressed intent regarding the terms of a contract is irrelevant. This Court is concerned only
27 with whether the agreement, by its plain, objective terms, disposes of the action. When a
28 settlement agreement is reached and placed on the record, as here, the Court will enforce the

agreement without engaging in the factual inquiry Ebates invites. See Doi, 276 F.3d at 1138 (factual inquiry into terms of agreement and whether parties intended to be bound unnecessary where "the parties simply voluntarily appeared in open court, and there announced that they had settled . . . . [and] placed the material terms of the settlement agreement on the record").

The plain terms of the agreement also foreclose Ebates' request for judgment in its favor and a permanent injunction against Integral. First, the agreement provides for dismissal with prejudice, not for entry of judgment or an injunction. Dismissal with prejudice necessarily precludes entry of a permanent injunction. For the same reason, the Court must deny Integral's motion for entry of judgment.

The only remaining term to be enforced appears to be the dismissal of this action with prejudice. The Court will enforce that term.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DISMISSES this action in its entirety, WITH PREJUDICE. The Clerk is ordered to close the case.

**IT IS SO ORDERED**.

Dated: August 15, 2013

JON S. TIGAR
United States District Judge